# In the United States Court of Federal Claims
## OFFICE OF SPECIAL MASTERS
Filed: December 2, 2020

| | | |
|---|---|---|
| * * * * * * * * * * * * * | | |
| MARGARET ALBERS, | * | UNPUBLISHED |
| | * | |
| Petitioner, | * | No. 16-1715V |
| | * | Special Master Gowen |
| v. | * | |
| | * | Attorneys' Fees and Costs |
| SECRETARY OF HEALTH | * | |
| AND HUMAN SERVICES, | * | |
| | * | |
| Respondent. | * | |
| * * * * * * * * * * * * * | | |

<u>Brian L. Cinelli</u>, Marcus & Cinelli, LLP, Williamsville, NY, for Petitioner.
<u>Linda S. Renzi</u>, United States Department of Justice, Washington, DC, for Respondent.

## DECISION ON ATTORNEYS' FEES AND COSTS[1]

On June 19, 2020, Margaret Albers ("Petitioner") filed a motion for attorneys' fees and costs. Motion for Attorney Fees and Costs ("Fees App.") (ECF No. 69). For the reasons discussed below, I **GRANT** Petitioner's motion for attorneys' fees and costs and award a total of **$175,775.54**.

I.  **Procedural History**

On December 29, 2016, Petitioner filed a petition in the National Vaccine Injury Compensation Program.[2] Petitioner alleged that as a result of receiving a Tetanus-diphtheria-pertussis vaccine on December 30, 2013, she developed a seizure disorder with residual effects that persisted for more than six months. *See* Petition (ECF No. 1). On March 12, 2020, the parties

---

[1] I intend to post this Ruling on the United States Court of Federal Claims' website. **This means the Ruling will be available to anyone with access to the Internet.** In accordance with Vaccine Rule 18(b), petitioner has 14 days to identify and move to redact medical or other information, the disclosure of which would constitute an unwarranted invasion of privacy.  If, upon review, I agree that the identified material fits within this definition, I will redact such material from public access. Because this unpublished ruling contains a reasoned explanation for the action in this case, I am required to post it on the United States Court of Federal Claims' website in accordance with the E-Government Act of 2002. 44 U.S.C. § 3501 note (2012) (Federal Management and Promotion of Electronic Government Services).

[2] The National Vaccine Injury Compensation Program is set forth in Part 2 of the National Childhood Vaccine Injury Act of 1986, Pub L. No. 99-660, 100 Stat. 3755, codified as amended, 42 U.S.C. §§ 300aa-1 to -34 (2012) ("Vaccine Act" or "the Act"). All citations in this decision to individual sections of the Vaccine Act are to 42 U.S.C.A. § 300aa.

filed a stipulation, which I adopted as my decision awarding compensation on the same day. (ECF No. 64).

On June 19, 2020, Petitioner filed a motion for final attorneys' fees and costs. Petitioner requests compensation for her attorneys in the total amount of $175,784.29, representing $78,226.50 in attorneys' fees and $97,557.79 in costs. Fees App. at 6. Pursuant to General Order No. 9, Petitioner warrants she has not personally incurred any costs in pursuit of her claim. Fees App. Ex. 10. Respondent reacted to the fees motion on June 22, 2020, stating that "Respondent defers to the court regarding whether the statutory requirements for an award of attorneys' fees and costs are met in this case." Response at 2 (ECF No. 70). Petitioner did not file a reply thereafter, but in response to an order by the Court, filed additionally supporting documentation for her costs on October 27, 2020. (ECF No. 72).

The matter is now ripe for adjudication.

II. **Analysis**

Section 15(e) (1) of the Vaccine Act allows for the Special Master to award "reasonable attorneys' fees, and other costs." § 300aa–15(e)(1)(A)–(B). Petitioners are entitled to an award of reasonable attorneys' fees and costs if they are entitled to compensation under the Vaccine Act, or, even if they are unsuccessful, they are eligible so long as the Special Master finds that the petition was filed in good faith and with a reasonable basis. *Avera v. Sec'y of Health & Human Servs.*, 515 F.3d 1343, 1352 (Fed. Cir. 2008). Here, because Petitioner was awarded compensation pursuant to a stipulation, she is entitled to a final award of reasonable attorneys' fees and costs.

Petitioners "bea[r] the burden of establishing the hours expended, the rates charged, and the expenses incurred" are reasonable. *Wasson v. Sec'y of Health & Human Servs.*, 24 Cl. Ct. 482, 484 (1993). Adequate proof of the claimed fees and costs should be presented when the motion is filed. *Id.* at 484 n. 1. The special master has the discretion to reduce awards *sua sponte*, independent of enumerated objections from the respondent. *Sabella v. Sec'y of Health & Human Servs.*, 86 Fed. Cl. 201, 208–09 (Fed. Cl. 2009); *Savin v. Sec'y of Health & Human Servs.*, 85 Fed. Cl. 313 (Fed. Cl. 2008), *aff'd* No. 99–537V, 2008 WL 2066611 (Fed. Cl. Spec. Mstr. Apr. 22, 2008).

a. **Attorneys' Fees**

Petitioner requests the following hourly rates for the work of her counsel, Mr. Brian Cinelli: $275.00 per hour for work performed from 2014 to 2016 and $300.00 per hour for work performed from 2017 to 2020. These rates are consistent with what Mr. Cinelli has previously been awarded for his Vaccine Program work, and the undersigned finds them to be reasonable for work performed in this case as well. *See, e.g.*, *Lott v. Sec'y of Health & Human Servs.*, No. 18-95V, 2020 WL 4725520 (Fed. Cl. Spec. Mstr. Jun. 24, 2020); *Buras v. Sec'y of Health & Human Servs.*, No. 17-1012V, 2018 WL 5046453 (Fed. Cl. Spec. Mstr. Aug. 3, 2018); *Ware v. Sec'y of Health & Human Servs.*, No. 15-1410V, 2018 WL 5304149 (Fed. Cl. Spec. Mstr. Sept. 25, 2018).

Turning next to review of the submitted billing statement, I find that the overall hours spent on this matter to be reasonable. The entries are reasonable and accurately describe the work being

performed and the length of time it took to perform each task. Respondent also has not identified any particular entries as being objectionable. Therefore, Petitioners are entitled to final attorneys' fees of **$78,226.50**.

### b. Attorneys' Costs

Like attorneys' fees, a request for reimbursement of costs must be reasonable. *Perreira v. Sec'y of Health & Human Servs.*, 27 Fed. Cl. 29, 34 (Fed. Cl. 1992). Petitioner requests total attorneys' costs in the amount of $97,557.79. This majority of this amount is for work performed by Petitioner's medical expert, Dr. Robert Shuman, with the remainder comprised of acquiring medical records, postage, photocopies and the Court's filing fee. Although the requested amount of costs is quite high, Dr. Shuman prepared multiple reports which were lengthy, detailed, and ultimately played a large role in Petitioner's eventual award of compensation. Additionally, Dr. Shuman's hourly rate of $400.00 per hour is reasonable and has previously been awarded by other special masters. Concerning the remainder of costs, Petitioner has provided adequate documentation supporting all of the requested costs, and they appear reasonable in my experience. The only reduction necessary is for costs billed for faxes. The Vaccine Program does not reimburse for faxes because there is no actual cost being incurred other than wear and tear on the office fax machine that is typically considered part of office overhead. *See Dashty v. Sec'y of Health & Human Servs.*, No. 15-966V, 2018 WL 6990680, at *5 (Fed. Cl. Spec. Mstr. Nov. 21, 2018); *Decker v. Sec'y of Health & Human Servs.*, No. 17-853V, 2019 WL 1923650, at *2 (Fed. Cl. Spec. Mstr. Apr. 11, 2019). Accordingly, I shall reduce the final award of costs by $8.75.

### III.  Conclusion

In accordance with the foregoing, Petitioner's motion for attorneys' fees and costs is **GRANTED**. I find that Petitioner is entitled to a reimbursement of attorneys' fees and costs as follows:

| | |
|---|---|
| Attorneys' Fees Requested | $78,226.50 |
| (Reduction of Fees) | - |
| **Total Attorneys' Fees Awarded** | **$78,226.50** |
| | |
| Attorneys' Costs Requested | $97,557.79 |
| (Reduction of Costs) | - ($8.75) |
| **Total Attorneys' Costs Awarded** | **$97,549.04** |
| | |
| **Total Attorneys' Fees and Costs** | **$175,775.54** |

**Accordingly, I award a lump sum in the amount of $175,775.54, representing reimbursement for Petitioner's attorneys' fees and costs, in the form of a check payable to Petitioner and her attorney, Mr. Brian Cineli.[3]**

---

[3] This amount is intended to cover all legal expenses incurred in this matter. This award encompasses all charges by the attorney against a client, "advanced costs," and fees for legal services rendered. Furthermore, Section 15(e)(3) prevents an attorney from charging or collecting fees (including costs) that would be in addition to the amount awarded herein. *See generally Beck v. Sec'y of Health & Human Servs.*, 924 F.2d 1029 (Fed. Cir. 1991).

In the absence of a motion for review filed pursuant to RCFC Appendix B, the clerk of the court shall enter judgment in accordance herewith.[4]

**IT IS SO ORDERED.**

**/s/Thomas L. Gowen**
Thomas L. Gowen
Special Master

---

[4] Entry of judgment can be expedited by each party's filing of a notice renouncing the right to seek review. Vaccine Rule 11(a).